## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| THE COUNTY OF JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-37 |
| | ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA | ) | Action Filed:   December 13, 2017 |
| INC.; THE PURDUE FREDERICK  COMPANY, | ) | Action Served: December 18, 2017 |
| INC.; TEVA PHARMACEUTICALS USA, INC.; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTICALS, INC.; | ) | |
| ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; JANSSEN | ) | |
| PHARMACEUTICA, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; ENDO | ) | |
| PHARMACEUTICALS INC.; ALLERGAN PLC | ) | |
| F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A | ) | |
| WATSON PHARMACEUTICALS, INC.; | ) | |
| WATSON LABORATORIES, INC.; ACTAVIS | ) | |
| LLC; ACTAVIS PHARMA, INC. F/K/A WATSON | ) | |
| PHARMA, INC.; ENDO HEALTH SOLUTIONS | ) | |
| INC.; INSYS THERAPEUTICS, INC.; | ) | |
| MCKESSON CORPORATION; CARDINAL | ) | |
| HEALTH, INC.; AMERISOURCEBERGEN | ) | |
| CORPORATION; MIAMI-LUKEN, INC.; | ) | |
| RUSSELL PORTENOY; PERRY FINE; | ) | |
| SCOTT FISHMAN; and LYNN WEBSTER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
## ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *The County of Jefferson v. Purdue Pharma L.P. et al.*, bearing case number 17CV00554, from the Court of Common Pleas for Jefferson County, Ohio, to the United States District Court for the Southern District of Ohio.   Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## BACKGROUND

1.      On December 13, 2017, Plaintiff, the County of Jefferson, filed a Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 1**) in the Court of Common Pleas for Jefferson County, Ohio, against the following defendants:

        a.      "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Actavis, Inc. f/k/a Watson Pharmaceuticals Inc. n/k/a Allergan Finance, LLC; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; and Insys Therapeutics, Inc.

        b.      "Physician Defendants" — Russell Portenoy; Perry Fine; Scott Fishman; and Lynn Webster.

        c.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc. ("Cardinal"); AmerisourceBergen Corporation; and Miami-Luken, Inc. ("Miami-Luken").

2.      The Complaint contains allegations relating to conduct by the Manufacturer Defendants and Physician Defendants, on the one hand, and separate alleged conduct by the

Distributor Defendants, on the other.

3. The thrust of the Complaint is that the Manufacturer Defendants and Physician Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications. (Compl. ¶¶ 1-51.) Plaintiff alleges that, as part of this campaign, the Manufacturer Defendants paid physicians and others to promote the Manufacturer Defendants' opioid products. (*Id.* ¶ 13.) Plaintiff further alleges that the Physician Defendants participated in those promotional activities. (*See, e.g.*, *id.* ¶¶ 99-102, 201-207, 389-390.) According to Plaintiff, the Manufacturer Defendants and Physician Defendants' alleged conduct has caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs." (*Id.* ¶ 51.) All of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Ohio.

4. Unlike the allegations against the Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants relates to purported misrepresentations about opioid medications. Instead, Plaintiff alleges that the Distributor Defendants "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to the proper authorities and governing bodies . . . ." (*Id.* ¶¶ 711, 713; *see also id.* ¶¶ 717-724.) The Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Jefferson County." (*Id.* ¶ 724.) Two Distributor Defendants, Cardinal and Miami-Luken, are Ohio citizens. (*Id.* ¶¶ 81, 91.) The other Distributor Defendants are citizens of states other than Ohio. (*Id.* ¶¶ 74, 86.)

5. The Complaint asserts ten causes of action against "all Defendants," although each individual claim rests almost entirely on conduct involving the Manufacturer Defendants and

3

Physician Defendants only, on the one hand, or the Distributor Defendants only, on the other: (1) unfair consumer sales practices under chapter 1345 of the Ohio revised code; (2) deceptive trade practices under chapter 4165 of the Ohio revised code; (3) public nuisance and product liability; (4) fraud; (5) unjust enrichment; (6) negligence; (7) negligence per se; (8) negligent marketing; (9) racketeering under chapter 2923 of the Ohio revised code; and (10) injury through criminal acts under chapter 2307 of the Ohio revised code. (*Id.* ¶¶ 743-851, 878-900.)[1]

6.      Endo received the Complaint through service on December 18, 2017. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 1**. A copy of the state court docket and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 2**.

7.      On December 5, 2017, the Judicial Panel on Multidistrict Litigation issued an order creating a Multidistrict Litigation ("MDL") that would include this case, *i.e.*, cases in which "cities, counties and states . . . allege that (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed (directly and through key opinion leaders) these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 3**).

## VENUE AND JURISDICTION

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Jefferson County, Ohio, where the Complaint was filed, is a state court within the Southern District of Ohio.

---

[1] In pleading the causes of action, the Complaint jumps from paragraph 851 to 878, omitting paragraphs 852 through 877.

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because

(1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants;

(2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other

requirements for removal have been satisfied.

## I.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS

10.     There is complete diversity of citizenship here because Plaintiff is an Ohio citizen

and all of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign

states other than Ohio, *see* Part I.A *infra*, and the citizenship of the Distributor Defendants (two of

which are non-diverse) should be ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*.

This is because the Distributor Defendants are subject to severance under Federal Rule of Civil

Procedure 21 and the procedural misjoinder doctrine.[2]

### A.     Plaintiff Is Diverse from the Manufacturer and Physician Defendants

#### 1.   Plaintiff Is a Citizen of Ohio

11.     The County of Jefferson is an Ohio citizen for purposes of diversity jurisdiction.

*See Moor v. Alameda Cty.*, 411 U.S. 693, 719-21 (1973) (holding that Alameda County is a

California citizen for purposes of diversity jurisdiction); *Brown v. Marshall Cty., Ky.*, 394 F.2d

498, 500 (6th Cir. 1968) (holding that a county is a citizen of the State in which it is located).

#### 2.   None of the Manufacturer or Physician Defendants is a Citizen of Ohio

12.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and

foreign state by which it has been incorporated and of the State or foreign state where it has its

principal place of business . . . ."  28 U.S.C. § 1332(c)(1).   A partnership is a citizen of every

---

[2] Though only two Distributor Defendants (Cardinal and Miami-Luken) are non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those defendants.

state in which its partners are citizens.   *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

13.     Applying these principles, none of the Manufacturer or Physician Defendants is a citizen of Ohio.

14.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (Compl. ¶ 67.)

15.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.   (*Id.*)

16.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Ohio.   (*See id.* ¶ 56 at p. 17.)[3]   Its partners are Purdue Pharma Inc., a citizen of New York and Connecticut, and Purdue Holdings L.P.   Purdue Holdings L.P.'s partners are Purdue Pharma Inc., a citizen of New York and Connecticut; PLP Associates Holdings Inc., a citizen of New York and Connecticut; and PLP Associates Holdings L.P.; PLP Associates Holdings L.P.'s partners are PLP Associates Holdings Inc., a citizen of New York and Connecticut; and BR Holdings Associates L.P.   BR Holdings Associates L.P.'s partners are BR Holdings Associates Inc., a citizen of New York and Connecticut; Beacon Company; and Rosebay Medical Company L.P.; Beacon Company's partners are Stanhope Gate Corp., a citizen of the British Virgin Islands and Jersey, Channel Islands; and Heatheridge Trust Company Limited, a citizen of Jersey, Channel Islands.   Rosebay Medical Company L.P.'s partners are Rosebay Medical Company, Inc., a citizen of Delaware and Connecticut; R. Sackler, a citizen of

---

[3] The Complaint contains paragraph numbering errors.   The paragraph immediately after paragraph 57 (starting on page 17 and ending on page 19) is incorrectly numbered as paragraph 54. As a result of this error, there are two sets of paragraphs with the numbers 54 through 57.   To avoid confusion, whenever Endo cites to paragraphs impacted by these errors, it will cite to page numbers as well as paragraph numbers.

Texas; and J. Sackler, a citizen of Connecticut.

17.      Defendant Purdue Pharma Inc. is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. (*Id.*)

18.      Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

19.      Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania. (*Id.* ¶ 56 at p. 19.)

20.      Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. (*Id.* ¶ 57 at p. 19.)

21.      Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 63.)

22.      Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

23.      Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

24.      Defendant Janssen Pharmaceutica, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

25.      Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. (*Id.* ¶ 70.)

26.      Defendant Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is now known as Allergan Finance LLC, a Nevada limited liability company. Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of

business in Parsippany, New Jersey.   (*See id.*)

27.   Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

28.   Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.   (*Id.*)   Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.   Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.   (*See id.*)

29.   Defendant Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in New Jersey.   (*Id.*)

30.   Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.   (*Id.* ¶ 72.)

31.   Defendant Dr. Russell Portenoy is a citizen of New York.   (*Id.* ¶ 99.)

32.   Defendant Dr. Perry Fine is a citizen of Utah.   (*Id.* ¶ 100.)

33.   Defendant Dr. Scott Fishman is a citizen of California.   (*Id.* ¶ 101.)

34.   Defendant Dr. Lynn Webster is a citizen of Utah.   (*Id.* ¶ 102.)

35.   Accordingly, all of the Manufacturer Defendants and Physician Defendants are citizens of a state or foreign state other than Ohio.

**B.    The Citizenship of the Distributor Defendants Should Be Ignored**

**1.    The Distributor Defendants Should Be Severed Under Rule 21**

36.   Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.   Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against

them are sufficiently distinct from claims against other defendants under Rule 20.   Here, the Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants and Physician Defendants.

37.     *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009) (attached hereto as **Exhibit 4**), is particularly instructive.   There, Louisiana plaintiffs brought a products liability action against the out-of-state manufacturer of the drug Heparin.   *Id.* at 870. Before the case was removed, the plaintiffs amended their complaint to add as defendants various healthcare provider companies, which were citizens of Louisiana and therefore non-diverse, alleging that they engaged in "negligent acts and omissions in the administration of Heparin."   *Id.* at 871.   Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the manufacturer.   *Id.* at 875.

38.     Following Sixth Circuit precedent, the *Baxter* court explained that "it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."   *Id.* at 872 (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999)).   As the court explained, Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19."   *Id.* (quoting *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994)); *see also id.* ("[U]nder Rule 21 of the Federal Rules of Civil Procedure, [courts] can retain jurisdiction by severing claims against nondiverse dispensable defendants.").   Applying these principles, the *Baxter* court concluded that the healthcare-provider defendants were dispensable parties subject to severance and thus declined to remand the entire case.   *Id.* at 872-74.   The court reasoned that the healthcare-provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim

9

against [the manufacturer]"; the medical malpractice claims against the healthcare providers

"differ from the [plaintiffs'] products liability claim" against the manufacturer.  *Id.* at 872.  And,

the court explained, the healthcare-provider defendants were dispensable because the plaintiffs

"retain an adequate remedy against the Healthcare Defendants as they can proceed with their

claims in state court."  *Id.* at 873.  Given the separate questions raised by plaintiffs' medical

malpractice claims against the healthcare providers, the court found that it could "sever them from

the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the

manufacturer]."  *Id.* at 874.

39.     Numerous other decisions have followed the same approach.  *See id.* at 873-74

(citing *Phillips v. Knoll Pharm. Co*., No. 5:03-cv-08044 (N.D. Ohio Sept. 4, 2003)); *Kelly v.

Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013);

*DeGidio v. Centocor, Inc*., No. 3:09CV721, 2009 WL 1867676, at *3-4 (N.D. Ohio July 8, 2009);

*Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2 (N.D. Ohio June 11,

2009); *Williams v. Knoll Pharm. Co.*, No. 5:03-cv-08030 (N.D. Ohio July 11, 2003); *Sullivan v.

Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Mayfield v. London Women's

Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *3-5 (E.D. Ky. May 28, 2015); *McElroy v.

Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20,

2012); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8,

2010); *Jolly v. Baxter Healthcare Corp*., No. 9:09-CV-00038 (E.D. Tex. Apr. 16, 2009)).

40.     Likewise, here, this Court should sever the Distributor Defendants under Rule 21

and deny remand as to the Manufacturer Defendants and Physician Defendants, because the

Distributor Defendants are both unnecessary and dispensable parties under Rule 19.  Alleged

joint tortfeasors like the Distributor Defendants are unnecessary parties as a matter of settled law.

*E.g.*, *Boggs v. Landmark 4 LLC*, No. 1:12-cv-614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012) ("[T]he Supreme Court has held that, as a matter of law, joint tortfeasors are not necessary parties under Rule 19." (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990)).

41.     Moreover, just like the claims against the manufacturer and the non-diverse healthcare-provider defendants in *Baxter*, Plaintiff's claims and factual allegations against the Manufacturer Defendants and Physician Defendants are sufficiently distinct from those against the Distributor Defendants to merit severance.   The claims against the Manufacturer Defendants and Physician Defendants involve alleged misrepresentations regarding the risks of opioid medications.   (Compl. ¶¶ 6-18.)   By contrast, Plaintiff's claims against the Distributor Defendants focus exclusively on allegations that the Distributor Defendants negligently distributed opioid medications.   (*Id.* ¶¶ 74-98, 701-736.)   Severance is particularly appropriate because "the claims 'involve different legal standards and different factual allegations.'"   *Kelly*, 2013 WL 2358583, at *3 (citing *DeGidio*, 2009 WL 1867676, at *3).

42.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.   Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.   Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)." (citation omitted)). Courts have repeatedly severed claims against non-diverse defendants and denied remand as to diverse defendants where the claims against the non-diverse defendants were separate and distinct,

and arose from different transactions or occurrences.[4]   Because of the distinct factual

underpinnings of the claims against the diverse and non-diverse defendants here, these claims

cannot properly be joined together.

43.   Severance is particularly appropriate in this case because it will allow the diverse

parties to benefit from the significant efficiencies to be gained from participation in coordinated

MDL proceedings in the Northern District of Ohio.   *See In re Nat'l Prescription Opiate Litig.*,

MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order).   Courts within this Circuit and other

circuits have recognized the importance of these efficiencies in severing non-diverse defendants

and denying remand as to diverse defendants.   *E.g.*, *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs

will benefit from the MDL process: they will not bear the burden of having to engage on their own,

and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL

3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect

of dual litigation has undeniable upside."); *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is

particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims

_____

[4] *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6 (severing non-diverse defendant and denying remand as to diverse defendants; "[w]hile plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts"); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) ("Plaintiffs' claims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the [non-diverse] Defendants"); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004) ("[T]he only common attribute among the Plaintiffs' claims against the [diverse manufacturer] and those against the non-diverse Defendants is that each Plaintiff ultimately ingested Fen-Phen due to the alleged actions of one or more of these Defendants. Individual circumstances, actions, and omissions were involved in each Plaintiff's choice to ingest the medication, as well as each Defendant's role in, and responsibility for, that decision."); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003) (severing misjoined claims under Rule 21 where plaintiff "allege[d] that many individuals have wronged it in the same way, but in separate transactions or occurrences"); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998) (severing misjoined claims where "the factual scenarios underlying each incident are different, the times are different, and the people involved are different" (footnote omitted)).

against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505

("Plaintiff's claims against the [non-diverse] Defendants are severed and remanded pursuant to

Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining

multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial

discovery on the products liability case can be coordinated in a single forum.").   As one court

explained in materially identical circumstances, "[t]he Court's decision to sever . . . [the

non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could

subject [the diverse manufacturer defendant] to considerable prejudice.   [Plaintiff] will be forced

to pursue two separate suits, but it will not alone bear the administrative and financial burdens of

pursuing its claims against [the manufacturer] in the MDL proceedings.   For its part, [the

manufacturer] could be exposed to numerous related suits if courts considering suits similar to this

one refused to sever claims against [the manufacturer] from those against the providers that

prescribed [the drug]."   *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

44.     *Aramouni v. Cook Medical*, No. 1:15-cv-1116, 2015 WL 5661040 (N.D. Ohio

Sept. 24, 2015), is readily distinguishable.   There, the court found severance unnecessary in part

because all claims arose from "the same basic operative facts" and severance would not promote

"judicial and economic efficiency" absent the ability to consolidate with other federal lawsuits.

*Id.* at *3.   This case is entirely different.   As described above, Plaintiff's claims against the

Distributor Defendants involve different operative facts than the claims against the Manufacturer

Defendants and Physician Defendants, and severance of the Distributor Defendants will promote

judicial and economic efficiency because it will permit the diverse parties to benefit from the

significant efficiencies of coordinated MDL proceedings before the Northern District of Ohio.

45.     That Plaintiff asserts its causes of action against "all Defendants" changes nothing.

13

Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants and Physician Defendants (alleged misrepresentations) is separate and distinct from the factual basis for Plaintiff's claims against the Distributor Defendants (alleged failure to prevent or reduce the distribution of opioid products or to report suspicious orders).  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-cv-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a).").   And, as in *Baxter*, if Plaintiff truly wants to pursue claims against the Distributor Defendants, Plaintiff has an "adequate remedy . . . in state court."   614 F. Supp. 2d at 873.

### 2.      The Distributor Defendants Are Fraudulently Misjoined

46.      The citizenship of the Distributor Defendants alternatively should be ignored because the claims against them are fraudulently misjoined in this action.   "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining the unrelated claims of a plaintiff against non-diverse party defendants."   *Baxter*, 614 F. Supp. 2d at 874; *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).   As explained above, Plaintiff's claims against the Manufacturer Defendants and Physician Defendants are separate and distinct from Plaintiff's claims against the Distributor Defendants, including Cardinal and Miami-Luken. There is no plausible basis for their inclusion in this lawsuit other than to defeat diversity.

47.    Indeed, in opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction.   *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017) (attached hereto as **Exhibit 5**); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017) (attached hereto as **Exhibit 6**).   In *McKesson Corp.*, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." 263 F. Supp. 3d at 642.   The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct." *Id.* at 647.   In *AmerisourceBergen Drug Corporation*, the court reached the same conclusion for substantially similar reasons.   2017 WL 3317300, at *5 (claims against diverse and non-diverse defendants were "separate and distinct").

48.    To be sure, as the court in *Baxter* noted, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, and some decisions from the Northern District of Ohio have declined to apply the doctrine.   *Baxter*, 614 F. Supp. 2d at 874; *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008); *Rodriguez v. Tyco Healthcare Grp., LP*, No. 1:08 GD 50327, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008).   This Court, too, has declined to apply the doctrine.   *Cent. Ohio Gaming Ventures, LLC v. Goodman*, No. 2:11-CV-223, 2011 WL 1981185, at *9 (S.D. Ohio May 20, 2011).

15

49.     Nevertheless, at least one other court within the Sixth Circuit has applied the doctrine.  *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04-CV-522, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005) (adopting fraudulent misjoinder doctrine and articulating a standard that requires no "reasonable basis for finding the Plaintiff's claims were properly joined").   Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the procedural misjoinder doctrine.

50.     In sum, because Plaintiff is an Ohio citizen, and because none of the properly joined defendants is an Ohio citizen, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## II.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

51.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).   "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Id.* at 553.   In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

52.     Here, Plaintiff asserts that it has suffered "millions of dollars" of losses "[a]s a direct and foreseeable consequence of [Manufacturer] Defendants' wrongful conduct."   (Compl. ¶ 51.)   Plaintiff seeks "[c]ompensatory damages in an amount sufficient to . . . completely compensate Plaintiff for all damages" as well as treble damages and punitive damages.  (*Id.* Prayer for Relief ¶¶ i-iii.)   It is thus clear that the alleged amount in controversy exceeds $75,000,

exclusive of interest and costs.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.   This Notice of Removal Is Timely

53.   This Notice of Removal is timely filed.   Endo received the Complaint through service on December 18, 2017.   Because Endo filed the Notice of Removal on January 12, 2018, removal is timely.   *See* 28 U.S.C. § 1446(b)(1).

### B.   All Properly Joined And Served Defendants Consent to Removal

54.   For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

55.   The following properly joined and served Defendants consent to removal, as indicated by their signing below:   Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. n/k/a Allergan Finance, LLC; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; Dr. Russell Portenoy; Dr. Perry Fine; Dr. Scott Fishman; and Dr. Lynn Webster.   *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

56.   The following properly joined Defendant has not been properly served, and thus its

consent to removal is not required: Allergan plc f/k/a Actavis plc.[5]  *See id.*   Nevertheless, it consents to removal.

57.     The following properly served Defendants have not been properly joined, and thus their consent to removal is not required:   McKesson Corporation; Cardinal; AmerisourceBergen Corporation; and Miami-Luken.   Nevertheless, they consent to removal.

58.     By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserves all such defenses.   If any question arises as to the propriety of the removal to this Court, Endo and the remaining properly joined defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

---

[5]  Allergan plc expressly reserves all defenses related to personal jurisdiction and service of process.

**CONCLUSION**

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas,

Jefferson County, to the United States District Court for the Southern District of Ohio.

DATED:   January 12, 2018

/s/ Carole S. Rendon
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
*denotes national counsel who will seek pro hac
vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY, INC.:

/s/ Daniel J. Buckley
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON
LABORATORIES, INC., ACTAVIS LLC, and
ACTAVIS PHARMA, INC. F/K/A WATSON
PHARMA, INC.

/s/ Wendy West Feinstein
Wendy West Feinstein (0064973)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Tinos Diamantatos*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1145
tinos.diamantatos@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL   33131-2339
brian.ercole@morganlewis.com
*denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC.,
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A JANSSEN
PHARMACEUTICALS, INC., and JANSSEN
PHARMACEUTICA, INC. N/K/A JANSSEN
PHARMACEUTICALS, Inc.
(Appearance by local counsel pending):

 /s/ Charles C. Lifland*
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendants
ALLERGAN PLC (F/K/A ACTAVIS PLC) AND
ACTAVIS, INC. (N/K/A ALLERGAN
FINANCE, LLC F/K/A WATSON
PHARMACEUTICALS, INC.)

/s/ Andrew B. Daloia
John R. Mitchell (#0066759)
Stacey A. Greenwell (#0077909)
Andrea B. Daloia (#0074106)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: 216-556-5500
Facsimile: 216-556-5800
John.Mitchell@ThompsonHine.com
Stacey.Greenwell@ThompsonHine.com
Andrea.Daloia@ThompsonHine.com

Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
(312) 862-2000
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000
jennifer.levy@kirkland.com
* denotes national counsel who will seek pro hac
vice admission

Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ Eric H. Zagrans
Eric H. Zagrans   (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
(216) 771-1000   (telephone)
(866) 261-2008   (facsimile)
eric@zagrans.com (e-mail)

J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300
Facsimile: 503.241.8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
RUSSELL PORTENOY:

/s/ Jordan D. Rauch
O. Judson Scheaf, III (0040285)
Jordan D. Rauch (0093389)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
(614) 233-5190
JScheaf@hahnlaw.com
JRauch@hahnlaw.com

24

Consent to removal on behalf of Defendants
PERRY FINE, M.D., SCOTT FISHMAN, M.D.,
and LYNN WEBSTER, M.D.:

/s/ Tyler Tarney
Greg Brunton (0061722)
Tyler Tarney (0089082)
Daniel Hyzak (0091298)
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558; F: (614) 360-2130
gbrunton@grsm.com
ttarney@grsm.com
dhyzak@grsm.com

Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ Vincent I. Holzhall
Vincent I. Holzhall (0074901)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
Telephone: (614) 221-5100
Facsimile: (614) 221-0952
vince.holzhall@steptoe-johnson.com

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:


/s/ James B. Hadden
James B. Hadden (0059315)
Joseph F. Murray (0063373)
Brian K. Murphy (0070654)
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215
614-488-0400
hadden@mmmb.com
murray@mmmb.com
murphy@mmmb.com

26

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN CORPORATION[6]:

/s/ Erin E. Rhinehart
Erin E. Rhinehart (0078298)
D. Jeffrey Ireland (0010443)
Christopher C. Hollon (0086480)
FARUKI IRELAND COX
RHINEHART & DUSING PLL
110 North Main Street, Suite 1600
Dayton, OH   45402
Telephone: (937) 227-3700
Telecopier: (937) 227-3717
erhinehart@ficlaw.com
djireland@ficlaw.com
chollon@ficlaw.com

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com

Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com

---

[6] By consenting to this Notice of Removal, Defendant AmerisourceBergen Corporation does not concede that it is a proper party to this litigation, and it is not.

27

Consent to removal on behalf of Defendant
MIAMI-LUKEN, INC.:

/s/ Thomas J. Hurney
Thomas J. Hurney (WVSB #1833)
Laurie K. Miller (WVSB #8826)
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
Charleston, WV 25322
(304) 340-1000
thurney@jacksonkelly.com
lmiller@jacksonkelly.com


Clay K. Keller (OH #0072927)
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, Ohio  44308
Tel:  (330) 252-9060
Fax:  (330) 252-9078
ckkeller@jacksonkelly.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the

following by regular United States mail, postage prepaid:

**Frank Gallucci**
PLEVIN, & GALLUCCI COMPANY, L.P.A.
55 Public Square Suite 2222
Cleveland, Ohio 44113

**Paul J. Napoli**
**Jodseph L. Ciaccio**
**Salvatore C. Badala**
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road – Suite 350
Melville, New York 11747

**Leo M. Spellacy, Jr.**
THRASHER DISMORE & DOLAN LPA
1111 Superior Avenue, Suite 412
Cleveland, OH 44114

**Scott Elliot Smith**
SCOTT ELLIOT SMITH
5003 Horizons Dr. Ste. 200
Columbus, OH 43220

*Counsel for Plaintiff*

**Daniel J. Buckley**
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202

**Patrick J. Fitzgerald**
**R. Ryan Stoll**
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
4 Times Square
New York, NY 10036

-and-

155 North Wacker Drive
Chicago, IL 60606

*Counsel for Defendants Purdue Pharma L.P.,*
*Purdue Pharma Inc., and The Purdue Frederick*
*Company, Inc.*

**Wendy West Feinstein**
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401

**Tinos Diamantatos**
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094

**Steven A. Reed**
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

**Brian M. Ercole**
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300

*Counsel for Defendants Teva Pharmaceuticals USA,*
*Inc., Cephalon, Inc., Watson Laboratories, Inc.,*
*Actavis LLC, and Actavis Pharma, Inc. f/k/a Watson*
*Pharma, Inc.*

**Charles C. Lifland**
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Counsel for Defendants Johnson & Johnson, Janssen*
*Pharmaceuticals, Inc., Ortho-Mcneil-Janssen*
*Pharmaceuticals, Inc. n/k/a Janssen*
*Pharmaceuticals, Inc., and Janssen Pharmaceutica,*
*Inc. n/k/a Janssen Pharmaceuticals, Inc.*

**John R. Mitchell**
**Stacey A. Greenwell**
**Andrea B. Daloia**
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

**Donna Welch, P.C.**
**Martin L. Roth**
**Timothy Knapp**
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

**Jennifer G. Levy, P.C.**
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Counsel for Defendants Allergan plc f/k/a Actavis plc, and Actavis, Inc. n/k/a Allergan Finance, LLC f/k/a Watson Pharmaceuticals, Inc.*

**Eric H. Zagrans**
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131

**J. Matthew Donohue**
**Joseph L. Franco**
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

*Counsel for Defendant Insys Therapeutics, Inc.*

**O. Judson Scheaf, III**
**Jordan D. Rauch**
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215

*Counsel for Defendant Russell Portenoy*

**Greg Brunton**
**Tyler Tarney**
**Daniel Hyzak**
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215

*Counsel for Defendants Perry Fine, M.D., Scott Fishman, M.D., and Lynn Webster, M.D*

**Vincent I. Holzhall**
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215

*Counsel for Defendant McKesson Corporation*

**James B. Hadden**
**Joseph F. Murray**
**Brian K. Murphy**
MURRAY, MURPHY, MOUL & BASIL
1114 Dublin Road
Columbus, OH 43215

*Counsel for Defendant Cardinal Health, Inc.*

**Mark W. Bernlohr**
**Sandra K. Zerrusen**
**Aaron E. McQueen**
**Andrew N. Schock**
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308

**Robert A. Nicholas**
**Shannon E. McClure**
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

**Alvin L. Emch**
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

*Counsel for Defendant AmerisourceBergen*
*Corporation*

**Thomas J. Hurney**
**Laurie K. Miller**
JACKSON KELLY PLLC
500 Lee Street East
Suite 1600
Charleston, WV 25322

**Clay K. Keller**
**Jackson Kelly PLLC**
50 South Main Street, Suite 201
Akron, Ohio   44308

*Counsel for Defendant Miami-Luken, Inc.*

Dated:   January 12, 2018

 /s/ Carole S. Rendon            
*Attorney for Defendants Endo Health Solutions*
*Inc. and Endo Pharmaceuticals Inc.*